UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| FRANKLIN C. SMITH | § | |
| | § | |
| vs. | § | NO:   PE:22-CV-00023-DC |
| | § | |
| FNU HERNANDEZ, ERIK RODRIGUEZ | § | |

### ORDER DISMISSING CASE FOR WANT OF PROSECUTION

Before this Court is Plaintiff's 42 U.S.C. §1983 civil rights complaint. [docket number 1]. Plaintiff filed his initial complaint on July 13, 2022. [*Id.*]. Thereafter, it came to the Court's attention that Plaintiff no longer resided at his address in the Detention Center in Marfa, Texas that he had submitted originally. [docket number 4]. Review of the docket sheet also reveals that Plaintiff has failed to provide the Court with a current verifiable address. [*See generally* docket]. Plaintiff has also not responded in any way to this Court's August 3, 2022 Order to Show Cause concerning his change of address, likely because the Court's Order was returned as undeliverable. [docket numbers 5 & 6, respectively].

Plaintiff has yet to personally provide the Court with a new address, telephone number, or other means of contact. By failing to provide the Court with his correct address, Plaintiff has prevented the Court, as well as Defendants, from communicating with him and expediting the resolution of this proceeding. This failure indicates that Plaintiff has lost interest in pursuing this lawsuit.

A district court has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir.

1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

> The United States Court of Appeals for the Fifth Circuit has said:
>
> > It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Shannon v. State of Louisiana*, 1988 WL 54768, No. 87-3951 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310, 759 F.2d 19 (table), slip. op. at 4 (5th Cir. Mar. 19, 1985)); *see also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (per curiam) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978).

Plaintiff's current verifiable address is necessary for this case to continue. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to update the Court with his current address. Dismissal is warranted under these circumstances. *See Hall v. Ellis County Jail*, No. 3:01–cv–566–M, 2001 WL 770996, at *1 (N.D. Tex. June 28, 2001) (dismissing for

want of prosecution where an order was returned to the court because plaintiff had not advised the court of his current address (citing *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988))).

Because Plaintiff's current address is not verifiable, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, within twenty days of this Order, Plaintiff *personally* makes his new address known to the Court, this Court will rescind this Order and reopen his case. However, after twenty days, Plaintiff will be required to file an entirely new §1983 case.

It is so **ORDERED**.

SIGNED this 16th day of August, 2022.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE